# United States District Court
### EASTERN DISTRICT OF TENNESSEE

**UNITED STATES OF AMERICA**

v.                                                    **ORDER OF DETENTION PENDING TRIAL**

ALBERT CHARLES THOMPSON                 Case Number: 3:98-CR-34
                                                                          (JORDAN/GUYTON)

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing was held on November 13, 2007. The Court concludes that the following facts require the detention of the defendant pending trial in this case.

### Part I - Findings of Fact

[ ]    (1)    The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
                 [ ]   a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
                 [ ]   an offense for which the maximum sentence is life imprisonment or death.
                 [ ]   an offense for which a maximum term of imprisonment of ten years or more is prescribed in [Part I applicable statute][1]
                 [ ]   a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

[ ]    (2)    The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

[ ]    (3)    A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

[ ]    (4)    Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

[ ]    (1)    There is probable cause to believe that the defendant has committed an offense
                 [ ]   for which a maximum term of imprisonment of ten years or more is prescribed.
                 [ ]   under 18 U.S.C. § 924(c).

[ ]    (2)    The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

[ ]    (1)    There is a serious risk that the defendant will not appear.

[X]    (2)    There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II - Written Statement of Reasons for Detention

This case is a Petition To Revoke Supervised Release. The burden is on the defendant to prove good grounds for release pending the revocation hearing. Rule 32.1(a)(6), Fed. R. Cr. Proc. The defendant's demonstrated failure or refusal to take his medications renders him a danger to others.

The evidence and other information provided at the hearing established by clear and convincing evidence that the defendant poses a serious risk of danger to another person or the community. Accordingly, no condition or combination of conditions will reasonably assure the safety of individuals or the community, if the defendant were to be released on bond. Therefore, the defendant shall be detained.

---

[1] Insert as applicable: (i) Controlled Substances Act (21 U.S.C. sec. 801 *et seq.*); (ii) Controlled Substances Import and Export Act (21 U.S.C. sec. 951 *et seq.*); or (iii) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. sec. 955a).

**Part III - Directions Regarding Detention**

      The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.


Dated: November 13, 2007                                                                  s/ H. Bruce Guyton
                                                                                                   United States Magistrate Judge