IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:98-CR-34 |
| | ) | (JORDAN/GUYTON) |
| ALBERT CHARLES THOMPSON, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER OF COMMITMENT FOR
MENTAL EXAMINATION AND EVALUATION**

On November 13, 2007, the parties appeared before the Court for a preliminary hearing on a bench warrant issued by District Judge Leon Jordan on November 6, 2007. Assistant United States Attorney Steve Cook appeared on behalf of the government. Assistant Federal Defender Jonathan Moffatt appeared on behalf of the defendant, who was also present.

Defense counsel waived preliminary hearing, and following the Court's ruling that the defendant must be detained, defense counsel made an oral motion for mental evaluation of the Defendant Thompson, voicing concern regarding the defendant's mental capacity to assist counsel. For grounds, defense counsel noted that the defendant has been diagnosed as suffering from schizophrenia, and that the defendant has not been taking medications for that condition. On behalf of the government, Attorney Cook stated that the government did not oppose the defendant's motion, and in fact, concurred that it was well taken.

After carefully considering the defendant's oral motion for mental evaluation, as well as noting that the government concurs with the motion, the Court finds that the defendant's oral motion is well taken and should be **GRANTED.** Accordingly, the Court finds that the defendant

1

should undergo a competency evaluation under 18 U.S.C. § 4241.

The defendant Thompson faces a revocation of supervised release hearing, which is yet to be scheduled. The time during which the defendant is undergoing a mental examination is excludable under the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(A). Additionally, up to ten days of transportation time is excludable under the Act. 18 U.S.C. § 3161(h)(1)(H). Once the defendant returns from his examination, the Court will need to hold a competency hearing, the time for which will also be excludable. See 18 U.S.C. § 3161(h)(1)(F). If the defendant is found competent, the parties will need time to prepare for the revocation hearing. See 18 U.S.C. § 3161(h)(8)(B)(iv). Accordingly, the Court finds that the ends of justice served by the continuance for an evaluation outweigh the best interest of the defendant and the public in a speedy trial. See 18 U.S.C. § 3161(h)(8)(A). A revocation hearing date will not be set at this time. A status conference and/or competency hearing is set for **January 10, 2008 at 1:30 p.m.** before the undersigned. The Court further finds that all time between the November 13, 2007 hearing and the January 10, 2008 competency hearing would be fully excludable time under the Speedy Trial Act. See 18 U.S.C. § 3161(h)(1)(A), -(F), -(H), and -(8)(A)-(B).

It is therefore **ORDERED:**

1. That defendant is hereby committed to the custody of the Attorney General of the United States or his designated representative for the purposes indicated herein and the United States Marshal is hereby directed to transport the defendant to the nearest suitable psychiatric facility (hospital) for purposes of psychiatric evaluation, pursuant to 18 U.S.C. §§ 4241 and 4242. Said commitment shall be for a reasonable period not to exceed forty-five (45) days (to commence when defendant arrives at the facility), unless otherwise ordered.

2. That the receiving facility and doctor in whose primary care the defendant is placed shall file a written report with this Court pursuant to 18 U.S.C. § 4247(c) as soon as practical with copies to counsel for the government and the defendant, said report to include:

    a. the defendant's history and present symptoms;

    b. a description of the psychiatric, psychological, and medical tests that were employed and their results;

    c. the examiner's findings; and

    d. the examiner's opinions as to diagnosis, prognosis, and

    e. whether the defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

3. That a status hearing or hearing on the question of the defendant's competency is presently set for **January 10, 2008 at 1:30 p.m.**, pending the return of the defendant and a report on his mental condition from the facility to which he is assigned.

4. That the defendant promptly be given any necessary medications if determined appropriate to do so by the medical staff at the facility;

5. That the psychiatrist/psychologist have access to any Pretrial Services Reports completed on defendant in the instant case; and

6. That the psychiatrist/psychologist have access to all available medical records on the defendant.

7. The names, addresses, and telephone numbers of the Assistant United States Attorney, defense counsel, and defendant's pretrial service officer are as follows:

    (a) Government's counsel: Steve Cook
           P.O. Box 872, Knoxville, TN 37902

(865) 545-4167

(b) Defense counsel: Jonathan Moffatt
800 South Gay Street, Suite 2400
Knoxville, TN 37929-9714
(865) 637-7979

(c) Probation Officer: Kathryn Callaway
800 Market Street, Suite 120, Knoxville, TN 37902
(865) 545-4001

8. The Clerk is directed to serve copies of this order on counsel of record and to serve three certified copies on the United States Marshal.

9. The United States Marshal shall notify the clerk of the court and the undersigned's office promptly when defendant returns to this jurisdiction from the mental evaluation. A competency hearing/status conference has been scheduled for **January 10, 2008 at 1:30 p.m.**

10. The revocation hearing will be set at the status conference/competency hearing.

11. All time between the **November 13, 2007** hearing and the **January 10, 2008** hearing is fully excludable under the Speedy Trial Act for the reasons set forth herein.

12. The Court requests the implementation of this Order be **EXPEDITED**.

**IT IS SO ORDERED.**

ENTER:

    s/ H. Bruce Guyton
United States Magistrate Judge