IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:98-CR-34 |
| | ) | |
| ALBERT CHARLES THOMPSON, | ) | (JORDAN/GUYTON) |
| | ) | |
| Defendant. | ) | |

**O R D E R**

This matter came before the undersigned for a competency hearing on December 4, 2008, following the Court's Order of Commitment for Treatment [Doc. 73], filed on May 2, 2008. Assistant United States Attorney Cynthia Davidson appeared as counsel for the government, and Attorney Jonathan Moffatt appeared on behalf of the defendant, who was also present.

The government requested that the six (6) page Forensic Evaluation prepared by Ralph Newman, M.D., Staff Psychatrist, and Adeirdre Stribling, Ph.D., Forensic Psychologist, be filed as an exhibit to the hearing.[1] Both parties relied upon this report as

---

[1] The government requested that the Court not place the report under seal so that Cherokee Mental Health, which will be involved in the defendant's continuing treatment, could receive a copy. Defense counsel stated that he had no problem with healthcare providers receiving a copy of the report but that it should be sealed as to the public. The Court ruled that the report would be filed in the record and unsealed for the limited purpose of providing a copy to Cherokee Mental Health. Otherwise, the report will remain under seal.

the only evidence before the Court regarding the defendant's competency. The Court also considered a Certificate of Restoration of Competency to Stand Trial issued by Warden A.F. Beeler on September 12, 2008. Based upon the psychological report and the certificate of competency, the Court finds by a preponderance of the evidence that the defendant's competency has been restored, that he is able to understand the nature and consequences of the proceedings against him, and that he is capable of assisting properly in his defense at the revocation proceedings he faces. See 18 U.S.C. § 4241(e). The Court finds that he is competent to proceed.

Based upon the Court's finding the defendant competent, the Court set the defendant's final revocation hearing before District Judge R. Leon Jordan on **December 10, 2008, at 1:45 p.m.** The Court has already ordered [Doc. 66] that the defendant be detained pending his revocation hearing. The defendant will continue to be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extend practicable, from persons awaiting or serving sentences or being held in custody pending appeal. While in custody, the United States Marshal's Service shall insure that the defendant continue with the regiment of treatment prescribed by the staff at FMC Butner and set forth in the Forensic Evaluation.[2] Also while in custody, the defendant shall be afforded a reasonable opportunity for private

---

[2] The Forensic Evaluation states that the defendant shall receive an intramuscular injection of 100 mg Haldol decanoate combined with 25 mg Risperdal consta every two weeks. The defendant last received this injection on December 3, 2008.

2

consultation with defense counsel. On order of the a court of the United States or of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding. The Clerk of the Court is **DIRECTED** to provide the United States Marshal with certified copies of this order to be served on the appropriate persons at the correction facility.

    **IT IS SO ORDERED.**

ENTER:

s/ H. Bruce Guyton
United States Magistrate Judge